**FILED**

MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JAN 0 2 2008 *ew*

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

**08cv0025**

**JUDGE KOCORAS**

**MAG.JUDGE ASHMAN**

UNITED STATES                    )
                                 )
                                 )
                                 )       CASE NO. _96 CR 815 -3_
                                 )       (To be supplied by clerk)
v.                               )       CASE NO: 98 CR-798-1
                                 )       APPEAL NO: 06-1918
                                 )       HONORABLE JUDGE:
_M.L. MOORE #07549-424_          )       CHARLES P. KOCORAS,
(Full name and prison number of  )       CHIEF JUDGE.
movant)                          )


IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE
A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.


1.   Place of detention, or if on parole, date of parole release
     _FCI Memphis  P.O. Box 34550 Memphis, TN 38184_ .

2.   Name and location of court which sentence was imposed and name
     of judge who imposed the sentence which is now under attack.

     _UNITED STATES DISTRICT COURT 7TH CIR., CHIEF JUDGE KOCORAS_

3.  Date of judgment of conviction: 27 may 98

4.  Case number: _____ 515-3 _____

5.  Length of sentence: ___ 80 years ___

6.  Nature of offense involved (all counts): HOBBS ACT VIOLATION 19 COUNTS

7.  What was your plea? (check one)

    (A)  Not guilty          ( ✓ )
    (B)  Guilty              (   )
    (C)  Nolo Contendere     (   )

8.  Kind of trial: (check one)

    (A)  Jury                ( ✓ )
    (B)  Judge only          (   )

9.  Did you testify at the trial?

    Yes  (   )          No  ( ✓ )

10. Did you appeal from the judgment of conviction?

    Yes  ( ✓ )          No  (   )

11. If you did appeal, answer the following:

    (A)  Name of court  7th CIRCUIT COURT OF APPEALS.

    (B)  Result  CONVICTION AFIRMED

    (C)  Date of result  UNK APPROXIMATELY 4 APRIL 04

12. Other than a direct appeal from the judgment of conviction and
    sentence, have you previously filed any petitions, appli-
    cations or motions with respect to this judgment in any
    federal court?

    Yes  ( ✗ )          No  (   )

2

your answer to (12) was **"YES,"** give the following information:

(1)  Name of court _U.S. SUPREME COURT_

(2)  Nature of proceeding _CONFRONTATION CLAUSE_

(3)  Grounds Raised _CONFRONTATION ISSUE SIXTH AMENDMENT VIOLATION OF U.S. CONSTITUTION_

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

   Yes  (    )          No  ( X )

(5)  Result_____

(6)  Date of result_____

(B)  As to any second petition, application or motion, give the same information: _DNA_

(1)  Name of the court_____

(2)  Nature of proceeding_____

(3)  Grounds Raised_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

   Yes  (    )          No  (    )

(5)  Result_____

(6)  Date of result_____

(C)  As to any third petition, application or motion, give the same information:

(1)  Name of the court_____

(2)  Nature of proceeding_____

(3)  Grounds Raised_____

_____

3

Did you receive an evidentiary hearing on your petition, application or motion?

Yes  (    )                No  (  X  )

(5)  Result_____

(6)  Date of result_____

(D)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1)  First petition, etc.     Yes  ( X )     No  (    )

(2)  Second petition, etc.    Yes  (    )    No  (    )

(3)  Third petition, etc.     Yes  (    )    No  (    )

(E)  If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

14.  State <u>concisely</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

**CAUTION:  IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS MOTION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.**

A.  Ground one  _THE Government Lacked probable cause to Arrest_

_petitioner._

4

Supporting FACTS (tell your story briefly with[...] or law:

① the[...] was NOTHING AN petitioner's work rec[...] that would give cause for reasonable su[...] WARRANT AN investigation. All alledged criminal acts w[...] PROSECUTIONS ments sting operation and manufactoried by [...] petitioners effort to investigate what petitioner bel[...] level drug operation on the west side of chicago.

B.   Ground two THE COURT ERRED IN THAT IT FAILED TO prote[...] SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

Supporting FACTS (tell your story briefly without citing cases or law):

②   COUNSEL FACED CONFLICT OF INTEREST by VIRTUE OF SIMULTANEIOUSLY representing the city of Chicago and petitioner. The Trial Judge made no determination as to whether petitioner fully understand the nature of the conflict did not. did not seek an intelligent and competent waiver, and did not disqualify defense counsel. It failed to main-tain a sustained committment of conflict free counsel to raise said cont. on attached sheet.

C.   Ground three THE COURT erred when it denied petitioners out. request to poll the jury immediately following reading the verdict

Supporting FACTS (tell your story briefly without citing cases or law):

③   DISTRICT COURT, after verdict has been read must afford both counsels a reasonable opportunity to request poll of the jury, and better practice is for DISTRICT Court to inquire of both counsel if either has anything further before jury is discharged.

5

(d)

Ground four _Denial of effective assistance of counsel_
_Conflict of Interest; etc. See attached add. page_

Supporting FACTS (tell your story _briefly without citing cases_
or law: _Counsel had conflict of interest as a result of_

FOUR CONT. FROM
OTHER SECTION

_counsels trial strategy in that counsel simultaneously represented_
_both petitioner and the city of Chicago._ [tout _Ok on the one hand with_
_the alternate juror that found reasonable doubt that one_] _with the jury_
_that convicted petitioner, in that counsels interest diverged from that_
_of petitioner to the extent that it rendered counsels performance_ see #76
part
inadequate

15.  If any of the grounds listed in 14 A, B, C, and D were not
     previously presented, state briefly what grounds were not so
     presented, and give your reasons for not presenting them:

     _____

     _____

     _____

     _____

16.  Do you have any petition or appeal now pending in any court as
     to the judgment under attack?      Yes ( )      No (✗)

     (A)  If **"YES,"** state the name of the court and the nature of
          the proceeding: _____

     _____

     _____

17.  Give the name and address, if known, of each attorney who
     represented you in the following stages of the judgment
     attacked herein:

     (A)  At preliminary hearing _JOSEph V. RooDy_

     _____

     (B)  At arraignment and plea _JOSEph V. RooDy_

     _____

6

(C)  At trial _STANLEY L. HILL_____

(D)  At sentencing _Stanley L. Hill_____

(E)  On appeal _STANLEY L. HILL_____

(F)  In any post-conviction proceeding _STANLEY L. HILL_

(G)  On appeal from any adverse ruling in a post-conviction
     proceeding _____ _Stanley L. Hill_____

18.  Were you sentenced on more than one count of an indictment, or
     more than one indictment, in the same court and at
     approximately the same time?    Yes (✓)    No ( )

19.  Do you have any future sentence to serve after you complete
     the sentence imposed by the judgment under attack?
                                    Yes ( )    No (✓)

     (A)  If so, give the name and location of the court which
          imposed the sentence to be served in the future:_____

          _____

          _____

     (B)  And give the date and length of sentence to be served in
          the future:_____

          _____

7

WHEREFORE,          the Court grant him all relief to
which he               this proceeding.

_____
Signature of _____

_____
Signature of Movant

I declare under penalty of
perjury that the foregoing is
true and correct.

Executed on _____
                          (date)

_____
Signature of Movant

8

GROUND TWO: CONTINUED:
ISSUE ON direct appeal, so as to allow FOR The Courts To
correct said ~~ERROR~~ ON DIRECT appeal.


(*) GROUND FOUR: CONTINUED:
seriously inadequate, or deficient to the extent that it
prejudiced the FAIRNESS OF petitioner TriaL with such an
"adverse effect" the prejudice is clear and UNEQUIVOCAL.
petitionars public authority defense was contridicted by Counsels
opening statement. thus Counsel's stipulation to use of tape
recorded conversation of ~~MYRON~~ MYRON ROBINSON, AKA "BOOGIE" and
special agent Darren Counsel, had the effect of Transferring
Counsel Hill, into a witness against petitioner and thereby
providing the evidence For the jury to convict petitioner.
  Counsel Failed To raise CONFLICT OF interest ON direct appeal;
Failed to persue bond For petitioner; Failed to protect petitioner
rights to CONFRONT witnesses; Failed to produce Case Files
and exculpatory evidence, ie ~~letters written by lennon shields~~
~~TURN GOVERNMENT WITNESS Lennon Shields wherein shields admits~~
INCLUDE THIS ~~that he perjured him self in his Grand Jury Testimony That the~~
~~Government used I kill petitioner To the Edward Lee Jackson~~
~~Conspiracy~~; opened door to the admission of Proffer statements
and subsequent waiver of Proffer immunity by The Courts which would
have otherwise been kept out; Counsel in Collusion with prosecution,
Counsel Failed to Consult with petitioner and discuss revelant
issues with petitioner; prosecution using defense Counsel
CONFLICT OF INTEREST as a means of effecting the evidence going before
the jury. as a result of the Foregoing petitioner's

FOURTH amendment right to NOT have evidence, pursuant to an UNconstitutional search and seizure used against Petitioner; FIFTH amendment due process right violated as a result of use of evidence obtained pursuant to an UNLAWFUL arrest as a result of ~~insufficient~~ the government Lacking probable cause to initiate an investigation of petitioner; FIFTH amendment right violated as a result of the use of evidence obtained by a violation of the previlege against self incrimination; and coerced confession; and sixth amendment right violated as a result of a denial of the right to effective assistance of Counsel.

Petitioner denied ~~the~~ effective assistance of Counsel, JOSEPH V. Roody, in that he failed ~~that XXX~~ to persue discovery and rushed petitioner into a propper Session. ~~Petitioner Letter Learned to be an Attempt at a ple Negotiation.~~ see our court phelo

(5) GROUND FIVE:
       Supression of evidence Favorable to petitioner and Knowing use of perjured Testimony.
Although it may have been Trial stragety on the part of Trial Counsel and the Government, However, Counsel Hill, and the Government Known.ngly, or reasonably should have Known, Proceeded To Trial on the basis of perjured Testimony of Government witness Lennon Shields, who by his own admission in letters written to petitioner wherin Shields. admits that he perjured him self in his Grand Jury Testimony. - and agreed to things that was not True. He stated that the government scared him and Tricked him into pleaing out and agreeing To testify to Things Known to him to be False. Shields Also apologie's To petitioner For having done so and stated That he would come in and Testify to the TRUTH if called on To do so. these Letters were Tendered to Counsel Hill, via his agent Counsel R. WHITFIEL who picked them up accepting them from petitioner at mcc CHICAGO. Petitioner Holds that it was that perjured Testimony at The

Grand Jury that formed the Sole basis on which the subsecquent Government obtained its Conviction, in conjunction with the supression of Government's Seeretly recorded Tape Conversation of myron Robinson, "Aka" Boogie" and petitioner dated march 11 96 and petitioner's post arrest statement during Trial, where in petitioner made it clear that Lennon Shields had No knowledge of petitioner's investigation of "Silky", now know as Sgt. Eugene Sheppard of the Chicago P.D. IAD section. Thus petitioner Fifth and Fourteenth amendment rights to due process was denied.

SEPTEMBER 19, 2007

RESPECTFULLY SUBMITTED
UCC 1-207:7    UCC 1-103.6
without prejudice
M.L. Moore

# CERTIFICATE OF SERVICE

I, *M.L. MOORE* _____ hereby certify that I have served a true
and correct copy of the foregoing: _____ ___ _____

*TO AUSA BRIAN NETOLS.*
*OFFICE OF THE UNITED STATES ATTORNEY*
*NORTHERN DISTRICT OF ILLINOIS*
*219 So. DEARBORN 5TH FLOOR*
*CHICAGO ILLINOIS 60604*

upon the defendant/defendants and/or his attorney/attorneys of record by placing same in a sealed
postage paid envelope to:

and deposited in the United States mail at FCI Memphis,
on this *6* _____ day of *march* _____ 20*06*.

I hereby declare under penalty of perjury the above is true and correct 28 U.S.C. § 1746.

/S/ *M.R. Moore*

AUTHORIZED BY THE ACT OF
JULY 7, 1955 TO ADMINISTER
OATHS (18 U.S.C. 4004)

CASE MANAGER

§ 8. FUGITIVE CLAIMANTS - APPELLEES : REFUSAL TO ENTERTAIN MOTION, P. 848.

§ 21. LACKED JURISDICTION OVER SUBJECT MATTER, P. 805.

§ 22. FRAUD. MISTAKE, P. 806.

WHERE CLAIMANTS - APPELLEES HAD BEEN RELEASED FROM PRISON AND HIS ABSENCE FROM COURT WAS VOLUNTARY, HIS ABSENCE WOULD NULLIFY PROCEEDINGS HAD ON HIS MOTION FOR A NEW TRIAL, NOR IMPAIR THE VALIDITY OF THE TRIAL COURT'S ACTION IN RULING IN HIS MOTION. M. L. MOORE, V. UNITED STATES, (1998) 198 Illinois 21,

§ 21 - LACKED JURISDICTION OVER SUBJECT MATTER, P. 805. 422 p2d 894.

§ 22. — FRAUD, MISTAKE, P. 806.

69 ALR 2d 858-863.

JUDGMENT DETERMINING QUESTION OF COVERAGE OF PROFFER LIABILITY PROFFER AS BETWEEN INSURER AND ONE CLAIMING TO BE INSURED AS RES JUDICATA IN SUBSEQUENT ACTION BY INJURED PERSON AGAINST INSURER. M. L. MOORE V. UNITED STATES (1998 CA 7, Ill. 283 F.2d 103, 127 USPQ 147,

§ 21. — LACKED JURISDICTION OVER SUBJECT MATTER, P. 805. CERT. GRANTED 365 U.S. 869 5 LED. 2d 859, 81 S.CT. 903, 129.

§ 22. — FRAUD, MISTAKE, P. 806.

§ 1. INTRODUCTION AND SCOPE, P. 858.

§ 21 - LACKED JURISDICTION OVER SUBJECT MATTER, P. 805.

§ 22. — FRAUD, MISTAKE, P. 806.

DETERMINATION THAT STATE GOVERNMENT PROSECUTOR/TRIAL AND SENTENCING COUNSEL, STANLEY L. HILL, FAILED TO PROVE CHARGES RELIED UPON FOR REVOCATION OF PROFFER AS BARRING SUBSEQUENT PROFFER ACTION BASED ON SAME UNDERLYING CHARGES. 2 ALR 5TH 262.

COMMENT NOTE, — MUTUALITY OF ESTOPPEL AS PREREQUISITE OF AVAILABILITY OF DOCTRINE OF COLLATERAL ESTOPPEL TO A STRANGER TO THE JUDGMENT. 31 ALR 3d 1044

CLAIMANTS - APPELLEES? OK HERE?

COUNTRY 2.   DEFEAT   GARN

USED PROFFER WITHOUT PERMISSION OF

Summary Judgment

Illinois

① COULD INSTITUTE
② F R A U D

DENIED

SHOPLIF

DOES INCLUDE EXEMPTION

TO PAY

WRIT OF HABEAS CORPUS GRANTED

WRIT GRANTED

X OUT [WAIVED]

C-A. Xout MISTAKE ? yes    MOORE V. U.S.

X OUT UNTED STATE ?   STATE GOVE

X OUT DENIAL = PROFFER

★ §3 AND EXCEPTIONS APPLIED TO MAJORITY VIEW,
★ § 21.       PROFFER, P. 805, 143 CAL. RPTR 799.

PROFFER HEARING ?

X OUT NO YES ?

DRIVER OF CAR CAUSING
GIVING FREE! USE OF PROFFER CAUSING
DRIVE CAR WITHOUT PERMISSION OF
USED PROFFER.

RECEIVED

**MOTION UNDER 28 U.S.C. SECTION 2255
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

OCT 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

---

SUPPLEMENTAL    MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY

---

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | )    CASE NO. 96CR815-3 _____ |
| v. | )    (To be supplied by clerk) |
| | )    CASE NO: 98 CR 798-1 |
| | )    APPEAL NO: 06-1918 |
| | )      HONORABLE JUDGE: |
| M.L. Moore    #07549-424 _____ | )    CHARLES P. KOCORAS, |
| (Full name and prison number of | )    CHIEF JUDGE. |
| movant) | ) |

**IF THE MOVANT HAS A SENTENCE TO BE SERVED IN THE <u>FUTURE</u> UNDER
A FEDERAL JUDGMENT WHICH HE WISHES TO ATTACK, HE SHOULD FILE
A MOTION IN THE FEDERAL COURT WHICH ENTERED THE JUDGMENT.**

1.  Place of detention, or if on parole, date of parole release

    FCI Memphis   P.O. Box 34550 Memphis, TN 38184 _____.

2.  Name and location of court which sentence was imposed and name
    of judge who imposed the sentence which is now under attack.

    _____

    United States District Court 7th Cir., Chief Judge Kocoras

3.    Date of judgment of conviction:
_____ May 21, 1998 _____

4.    Case number:__96CR 815-3_____

5.    Length of sentence:__107 Years_____

6.    Nature of offense involved (all counts):_Hobbs Act Violation_
   _(19 counts)_____

   _____

7.    What was your plea?            (check one)

      (A)    Not guilty            ( X )
      (B)    Guilty                (   )
      (C)    Nolo Contendere       (   )

8.    Kind of trial:               (check one)

      (A)    Jury                  ( X )
      (B)    Judge only            (   )

9.    Did you testify at the trial?

      Yes (   )            No   ( X )

10.   Did you appeal from the judgment of conviction?

      Yes ( X )            No   (   )

11.   If you did appeal, answer the following:

      (A)    Name of court___7th Circuit Court of Appeals_____

      (B)    Result_____Conviction Affirmed_____

      (C)    Date of result__UNK Approximately April 9, 2004 ___

12.   Other than a direct appeal from the judgment of conviction and
      sentence, have you previously filed any petitions, appli-
      cations or motions with respect to this judgment in any
      federal court?

      Yes ( X )            No   (   )

2

AO 243    (Rev. 2/95)

(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
X (i)  Denial of effective assistance of counsel.
X (j)  Denial of right of appeal. By trial counsel

A.  Ground one:    Petitioner raise a claim of defense Res Judicata and Collateral Estoppel.

Supporting FACTS (state *briefly* without citing cases or law):

B.  Ground two:    Innefective assistance of counsel
See Attatchment

Supporting FACTS (state *briefly* without citing cases or law):

C.  Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243    (Rev. 2/95)

**D.** Ground four:


Supporting FACTS (state *briefly* without citing cases or law):




13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:




14.   Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes  ☐       No  ☐

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing   Joseph V. Roddy


(b)  At arraignment and plea   Joseph V. Roddy


(c)  At trial


(d)  At sentencing

(C)  At trial__Stanley L. Hill_____

_____

(D)  At sentencing__Stanley L. Hill_____

_____

(E)  On appeal__Stanley L. Hill_____

_____

(F)  In any post-conviction proceeding__Stanley L. Hill____

_____

(G)  On appeal from any adverse ruling in a post-conviction
     proceeding__Stanley L. Hill_____

_____

18.  Were you sentenced on more than one count of an indictment, or
     more than one indictment, in the same court and at
     approximately the same time?      Yes ( X )        No (  )

19.  Do you have any future sentence to serve after you complete
     the sentence imposed by the judgment under attack?
                              Yes (  )        No ( X )

     (A)  If so, give the name and location of the court which
          imposed the sentence to be served in the future:_____

          _____

          _____

     (B)  And give the date and length of sentence to be served in
          the future:_____

          _____

7

WHEREFORE, movant prays that the Court grant him all relief to
which he may be entitled in this proceeding.

*without prejudice ucc1-207*

_____D N A_____        _____M. L. Moore_____
Signature of attorney (if any)        Signature of Movant

I declare under penalty of
perjury that the foregoing is
true and correct. *To The best of*
*my Knowledge,*

Executed on *11 october 2005*
            (date)

*without prejudice ucc 1-207*

_____M. L. Moore_____
Signature of Movant

*Signed before me this 11th day of October 2005.*

*Stacy O. Williams*

*My commission expires:*
*July 10, 2007*

STACY O. WILLIAMS
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

8

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES | ) CASE No: 1-05ªCV-0386 |
| VS. | ) HONORABLE JUDGE |
| M.L.MOORE | ) CHARLES P. KOCORAS |

---

Petitioner, hereby motion this Honorable Court to grant leave to file a supplememtal motion under Title 28 U.S.C.§ 2255, pursuant to rule 15 (d) Rules of Civil Procedure. Petitioner filed his original motion on July 7, 2005 and Petitioners request remains within the one (1) year time limit.

As a result of Petitioners continued effort to gain an understanding into the nature of the proceedings, Petitioner has learned that Petitioner is also bound by the rules of the stipulation agreement and thus Petitioner is also Estopped from relitigating the issues, and that counsel could not have proceeded in the manner in which he did without at least approval of the court. Therefore Petitioner respectfully submits this supplemental Title 28 U.S.C.§ 2255 motion or pleading raising a claim or defense of Res Judicata and Collateral Estoppel.

1.   Trial counsel failed to challenge or object to the two inconsistant verdicts, or possible double jeopardy and failed to raise same on direct appeal. Thus depriving Petitioner of his direct appeal rights.

2.   Trial counsel failed to argue or make a Prima Facia case as to the sufficiency of the evidence or lack there of to

Therefore the United States of America lack Jurisdiction over the Person.

Respectfully Submitted

*Without Prejudice UCC 1-207*

*M L Moore*

M.L. MOORE

October 11, 2005



RECEIVED

OCT 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES | ) | CASE NO: 1-05-CV-0386 |
| VS. | ) | HONORABLE JUDGE |
| M.L.MOORE | ) | CHARLES P. KOCORAS |

---

Petitioner, hereby motion this Honorable court to grant leave to file a supplemental motion under Title 28 U.S.C.§ 2255, pursuant to rule 15 (d) Rules of Civil Procedure. Petitioner filed his original motion on July 7, 2005 and Petitioners request remains within the one (1) year time limit.

As a result of Petitioners continued effort to gain an understanding into the nature of the proceedings, Petitioner has learned that Petitioner is also bound by the rules of the stipulation agreement and thus Petitioner is also Estopped from relitigating the issues, and that counsel could not have proceeded in the manner in which he did without at least approval of the court. Therefore Petitioner respectfully submits this supplemental Title 28 U.S.C.§ 2255 motion or pleading raising a claim or defense of Res Judicatta and Collatral Estoppel. Therefore Petitioners previously submited Title 28 U.S.C.§ 2255 motion is thus defective.

Respectfully Submitted
*Without prejudice UCC1-207*
*M. L. Moore*

M. L. MOORE

October 11, 2005

# CERTIFICATE OF SERVICE

I, *M. L. MOORE* hereby certify that I have served a true and correct copy of the foregoing *MOTION TO SUPPLEMENT PETITIONER'S TITLE 28 USC : 2255 CONSISTING OF ONE SINGLE PAGE.*

upon the defendant/defendants and/or his attorney/attorneys of record by placing same in a sealed postage paid envelope to

and deposited in the United States mail at FCI Memphis, on this _____ day of *11 October* 20 *0 5*

I hereby declare under penalty of perjury the above is true and correct 28 U.S.C. § 1746 *without prejudice*

/S/ *M. L. Moore*

*Signed before me this 11th day of October 2005. My commission expires July 10, 200___*

*Stacy J. Williams*

STACY J. WILLIAMS
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ILLINOIS
SEVENTH CIRCUIT

UNITED STATES OF AMERICA **RECEIVED**

v.

M.L. MOORE

MAR 0.2 2006

**MICHAEL W. DOBBINS**
**CLERK. U.S. DISTRICT COURT**

CASE NO: 1-105-CV-03806
HONORABLE JUDGE:
CHARLES P. KACORAS

RULE 59(e)                    MOTION TO AMEND FOR RECONSIDERATION

NOW COME BY WAY OF PRO-SE AND MOVE THIS HONORABLE COURT
TO GRANT LEAVE TO FILE MOTION TO AMEND PETITIONER'S MOTION FOR
RECONSIDERATION, PURSUANT TO TITLE 28 U.S.C. SECTION 2255 UNDER
FEDERAL RULES OF CIVIL PROCEDURE RULE 15(a)(c)(2).  THIS MOTION
RELATES BACK TO PETITIONER'S MOTION FOR RECONSIDERATION FILED ON
DATED 3 FEBRUARY 2006. AND THE JULY / 2005 ORIGINAL PLEADINGS.


PETITIONER, HEREBY INCORPERATE THIS AMENDED MOTION OF
PETITIONER'S ORIGINAL MOTION FOR RECONSIDERATION AS IF REWRITTEN.


PETITIONER RESTATES HIS CLAIM OF FACTUAL INNOCENCE.

RECEIVED

OCT 0 6 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES | ) CASE NO: 1-05-CV-0386 |
| | ) HONORABLE JUDGE |
| Vs. | ) CHARLES P.KOCORAS |
| | ) |
| M.L.MOORE | ) |

---

Petitoner, hereby motion this Honorable court to amend Petitioners motion under title 28 U.S.C. § 2255, pursuant to rule 15 (b) Rules of Civil Procedure. Petitioner filed the original motion on July 7, 2005 and Petitioners request remains within the one (1) year time limit. Petitioner request to include the following;

1. Counsel proceeded pursuant to Federal Rules of Civil Procedure rule 20(a)and 22 (I) ¡ (2)

2. Petitioner additionally seeks relief pursuant to Rule 20(a) and 22 (I) ¡ (2) of the Federal Rules of Civil Procedure.

3. ~~Strike~~ Rule 19. Petitioner previously inadvertently submitted.

OCTOBER 3, 2005
Respectfully Submitted,
without prejudice ucc1-207

M.L.moore

M.L.MOORE

CC: AUSA
Brian Netols

*Must give correct case # in future*

## UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

UNITED STATES **RECEIVED**             CASE No: 1-05-CV-~~0368~~ 3806

    Vs.        NOV 1 4 2005   )  HONORABLE JUDGE

M.L.MOORE    MICHAEL W. DOBBINS )  CHARLES P. KOCORAS
             CLERK, U.S. DISTRICT COURT

---

Petitioner respectfully moves this court to grant leave to file motion for extension of time to respond to Governments motion.

Petitioner received Governments motion on October 31, 2005, far removed from the date that Governments motion were due, which was October 11, 2005, and petitioners response to Governments motion id due on November 11, 2005. Which leaves petitioner only 10 days in which to respond to Governments motion according to the last court order petitioner received from this Honorable court.

Therefore, Petitioner respectfully request that this Honorable Court reset/restart the time and additionally grant petitioner an extension of time due to limited access to the Law library and the hours of the law library conflicts with petitioners work schedule further limiting Petitioners access.

Respectfully Submitted,

/S/ *M. L. Moore*

M.L.MOORE

/D/ *3 Nov 2005*

(3)

RECEIVED

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

AUG 16 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| VS. | ) | CASE No:1-05-CV-0386 |
| | ) | HONORABLE JUDGE |
| M.L.MOORE | ) | CHARLES P. KOCORAS |
| | ) | |

---

Petitioner Hereby motion this Honorable court for a court order pursuant to Rule 15(b) Rules of Civil Procedure: To Amend Petitioners motion under Title 28,United States Code 2255. Petitioner filed the original motion on July 7, 2005 Docket date.

Petitioner seeks to raise a claim or defense of Res Judicatta and Collateral Estoppel for the following reason. Petitioner was not aware of available defense during the initial developement of Petitioners claim.

Petitioner relied upon the issues and facts counsel represented to Petitioner preceeding trial;Counsel stated "How do I convince a juror that you are innocent"; Counsel asked Petitioner if Petitioner knew of commom law defense public authority. Counsel then told Petitioner thet the defense was in the tape recorded conversations and Petitioner would have to stipulate to the admission of the tape recorded conversations into evidence and that Petitioner's post arrest statement was not a factor. Petitioner Justifiably relied thereon counsels representation of the above facts to petitioner and so stipulated to the use of the secret tape recorded conversations of: 1. Daren Counsel 2. Myran Robinson AKA "Boogie" 3. Lenn Shields, Grand jury testimony.

Trial counsel intervained persuant to a claim of defense under Federal Rules of Civil Procedure Rule 24(a)(1) and (2); (b) (1) and (2); (c) and Rule 19(a)(2). Trial counsel and Petitioner shared a mutual and aligned interest. Counsel proceeded on behalf of Petitioner  pursuant to an affirmative defense under Common Law Public Authority.

Counsel failed to inform Petitioner of the true dual nature of this proceeding. Counsel Proceeded persuant to a civil action or a law suit. This civil action could be charectorized as an administrative proceeding or hearing; A Quasi-Judicial adversarial proceeding which affored both parties the same procedural rights and guarentees as a criminal proceeding and simultaniously or at the same time pursuant to the criminal proceeding.

In the civil action or the first action Petitioner, Following the presentation of the case in chief, was informed by co-counsel Jim Tunick that a secret juror seated in the audience had found reasonable doubt in Petitioners behalf, moments later trial counsel informed Petitioner of same.

Trial counsel failed to inform Petitioner that the results was binding regarding that finding and that Petitioner then became privity, for the purpose of Res Judicatta and collateral Estoppel, counsel also failed to inform Petitioner that Petitioner also became issue precluded in regards to the criminal proceedings in the second action, and that Petitioner was precluded from having to defend against the constitutional violations and prejudicial effect, stemming from the inconsistant and contrary position counsel took in the second or criminal action. This Petitioner

(2)

never understood and counsel never informed Petitioner of same. This is an important issue to Petitioner in light of the fact that counsel can argue that his representation of Petitioner was adequate and fundementaly fair in the due process sense.

Counsels comments to the effect of Petitioner eventually having the need for "perhaps a presidential pardon" and a combination of other things for example; Refusing to respond to Petitioners correspondance; Failure to inform Petitioner of co-counsel J.M.Tunick's role; or reason for co-counsels assignment to the case; Incomplete communication; Mis communication; Minimum communication; And the little communication that did take place was veiled in ambiguity which created a subterfuge and Petitioner was never able to under-stand what was really going on regarding the later of the case from counsel.

However, Petitioner was aware of the benefits that Petitioner was to get for consenting or stipulating to the use of the secretly recorded taped conversations, Etc, Etc. As counsel did inform Petitioner that "you got a blessing" and when Petitioner asked counsel about Darren counsel, who went to jail, trial counsel replied" Thats another blessing". Notwithstanding Petitioner did not understand the proceeding, for example, the effect of the first finding in which Petitioner was aquitted relative to the effect it had on the second action or criminal proceeding, nor did Petitioner know of available defense.

Government officials had a duty to inform Petitioner of Petitioners rights (remedies): Government officials had a responsibility to tell Petitioner of any pending responsibility on Petitioners part and to inform Petitioner of all the terms of the agreement.

Consistant with Uniform Commercial Code 3-305.2(c) and pursuant to
U.C.C. 3-305.52. Produce all documents "held in due course" that
create any legal disability.

Due to an interveining change in the law stemming from the
landmark Supreme Court decision in Crawford vs. Washington,
Petitioners sixth amenedment, constitutional rights were violated
as a result of denial of Petitioners right to confront and cross
examine available witnesses.

Petitioners fifth amendment guaranty against Double Jepardy
were violated.

Respectfully submitted
without prejudice #UCC-1-207
M.L. Moore

M.L.Moore

(4)

RECEIVED

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

OCT 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES          )
                       )    CASE No: 1-05-CV-0386
        Vs.            )    HONORABLE JUDGE
                       )    CHARLES P. KOCORAS
M.L.MOORE              )

---

Petitioner hereby motion this Honorable court to grant leave
to file an amendment to Petitioners supplemental motion under Title
28 U.S.C.§ 2255 pursuant to rule 15 (a)&(b) Rules of Civil Procedure
filed on October 11, 2005. Petitioners original motion was filed
on July 7, 2005. A true copy was sent to AUSA Brian Netols VIA
the U.S.Mail.

Signed before me this 10th
day of October 2005. My
Commission expires: July 10, 2007.

Stacy J. Williams

STACY J. WILLIAMS
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

Respectfully Submitted
without prejudice VCC1-207
/S/ M.L. Moore

M.L.Moore

/D/ OCTOBER 19, 2005

# CERTIFICATE OF SERVICE

I, *M.L. MOORE* _____ hereby certify that I have served a true
and correct copy of the foregoing:

AUSA BRIAN NETOLS

ONE (1) SINGLE PAGE NOTICE OF MOTION TO GRANT LEAVE
TO AMEND SUPLEMENTAL MOTION TITLE 28 USC #2255
SUBMITTED 11 OCTOBER 2005.

upon the defendant/defendants and/or his attorney/attorneys of record by placing same in a sealed
postage paid envelope to:

and deposited in the United States mail at FCI Memphis,
on this _____ day of *OCTOBER 19,* ____ 20 *05*

I hereby declare under penalty of perjury the above is true and correct 28 U.S.C. § 1746.

*Without Prejudice UCC 1-207*

/S/ *M.L. Moore*

Signed before me this 19th
day of October 2005. My
Commission expires: July 10, 2007.

*Stacy J. Williams*

STACY J. WILLIAMS
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

RECEIVED

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

OCT 2 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES             )

       VS.                 )

M.L.MOORE            )

)   CASE No: 1-05-CV-0386
)   HONORABLE JUDGE
)   CHARLES P. KOCORAS
)

---

Petitioner hereby motion this Honorable court to grant leave to amend Petitioners supplemental motion under Title 28 U.S.C.§ 2255 pursuant to rule 15 (a)&(b) Rules of Civil Procedure filed on Oct. 11, 2005. Petitioners original motion was filed on July 7, 2005.

Petitioner raised a claim of defense of Res Judicata and Collateral Estoppel. Petitioner would like to add the following to his claim of ineffective assistance of counsel.

Petitioner relied upon the issues and facts that trial counsel represented to Petitioner regarding Petitioners innocent and counsels representing Petitioners mutually alligned interest pursuant to the defense of public authority, as a condition of Petitioner agreeing to sign a stipulation agreement in open court. Counsel also represented to Petitioner that the benefit was a two fold blessing one from the city of Chicago and the other from the Government, and he need only to convince (one) juror a juror of Petitioners innocense.

Trial counsel interveined pursuant to a claim of defense under Federal Rules of Civil Procedure rule 24 (a)(1) and (2); (b)(1) and (2); (c) rule 20 (a) and 22 (1) and (2).

Trial counsel represented the mutually alligned interest

Counsel failed to inform Petitioner of co-counsel Jim Tunicks role, or reason for co-counsels assignment to Petitioners case beyond introducing co-counsel as his <u>colleague</u>. Petitioner did not understand the affect of the first proceeding in which Petitioner was aquitted; Had on the second or criminal proceeding, unlike the state court, Petitioner did not understand the more complex workings of the Federal Court.

Government officials had a duty to inform Petitioner of his rights (remedies): Government officials also had a responsibility to tell Petitioner of any pending responsibilities on Petitioners part and to inform Petitioner of all the terms of the agreement. Consistant with Uniform Commercial Code 3-305.2(c) and pursuant to U.C.C. 3-305.52. Produce all documents "held in due course" that creates any legal disability.

Trial counsel also failed to provide Petitioner with trial transcripts of administrative proceedings. Therefore, Petitioner hereby request that the courts take judicial notice of the record in this matter before the court, as both proceedings occured simultaniously in Judge Ann Clair Williams' court room.

Petitioner has vested rights as a matter of due process. Therefore Petitioner will forever pray that this Honorable Court grant Petitioner his defense and aquittal.

Respectfully Submitted
*Without Prejudice UCC-1-207*

/S/ *M.L. Moore*

M.L.Moore

/D/ *19 october 2005*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES                  )
                            )   CASE No:1-05-CV-0386
Vs.                        )   HONORABLE JUDGE
                            )   CHARLES P.KOCORAS
M.L.MOORE               )

---

Petitioner hereby motion this Honorable court to amend his
Petitioners motion under title 28 USC §2255,pursuant to rule 15
(b) rules of civil procedure. Petitioner filed his original motion
on July 4,2005 and Petitioners request remains within the one(1)
year time limit. Petitioner request to include the following:

Ineffective assistance of counsel, in that counsel failed
to:

1. Inform Petitioner of what was required of Petitioner in
the consent agreement.

2. Failed to inform Petitioner that Petitioner was issue
precluded with regards to the second or criminal proceeding, and
did not have to defend against the contrary position that counsel
took in the second or criminal action or that Petitoner became
merely a substitute defendant for the benifit of the Government
following the aquittal in the administrative proceeding or the
meaning of virtual representation.

3. Failed to inform Petitioner of available defense of Res
Judicatta and Collateral Estoppel, and that Petitioner had; had
Petitioners "day in court".

4. Failed to raise the issue of Res Judicatta on direct
appeal.

5. Failed to provide Petitioner with trial transcripts or administative proceeding transcript.

Therefore Petitioner hereby request that the courts take judicial notice of the record in this matter before the court.

Respectfully Submitted,

*without prejudice uccj-207*

*M.L. Moore*

M.L.MOORE

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

VS.

**RECEIVED**

CASE NO.: 1:05-cv-03806
HONORABLE JUDGE CHARLES P. KOCORAS

M. L. MOORE

JUL 2 5 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_____

MOTION TO AMEND PETITIONER'S MOTION UNDER TITLE 28, U.S. CODE 2255

PEITIONER HEREBY RESPECTFULLY REQUEST TO AMEND PETITIONER'S MOTION UNDER TITLE 28, UNITED STATES CODE 2255, TO ADD THE FOLLOWING ISSUES TO GROUND (IV), INEFFECTIVE ASSISTANCE OF COUNSEL AND GROUND (II), COURT ERROR.

1.     COUNSEL FAILED TO MOVE TO SUPPRESS THE GRAND JURY TESTIMONY OF NONTESTIFYING GOVERNMENT WITNESS, LENNON SHIELDS, AND FAILED TO OBJECT TO THE GOVERNMENT'S USE OF SAME.

2.     COUNSEL FAILED TO MOVE TO SUPPRESS THE TAPE RECORDED CONVER-SATIONS OF NONTESTIFYING GOVERNMENT WITNESS, MYRON ROBINSON (AKA BOOGIE), AND DARREN COUNSEL, AND FAILED TO OBJECT TO THE GOVERNMENT'S USE OF SAME.

3.     COUNSEL FAILED TO MOVE UNDER FEDERAL RULES OF EVIDENCE, RULE 106, 28 U.S.C.A. (5), FIFTH AMENDMENT UNDER THE DOCTRINE OF COMPLETENESS TO PRESENT THE SECRETLY RECORDED CONVERSATION OF PETITIONER AND GOVERNMENT INFORMANT, MYRON ROBINSON (AKA BOOGIE), DATED MARCH 11, 1996 WHICH GOES TO PETITIONER'S INTENT THUS THE GOVERNMENT, BY OMISSION, WAS ABLE TO MISLEAD THE JURY AS TO PETITIONER"S INTENT AND FAILED TO OBJECT TO SAME.

4.     THE COURT ERRED WHEN IT ISSUED INSTRUCTIONS PERMITTING THE JURY TO CONVICT FOR CONSTITUTIONALLY PROTECT ACTS.

RESPECTFULLY SUBMITTED ON THIS _21_ DAY OF _July_, 2005.

Signed before me this 21st day
of July, 2005.
My commission expires
July 10, 2007

_M. L. Moore_
M. L. MOORE

STACY J. WILLIAMS
NOTARY
PUBLIC
AT
LARGE
SHELBY COUNTY, TN

CASE NO: 1-105-CV-3806
96CR 815-3

## AFFIDAVIT OF M.L. MOORE

PETITIONER HEREBY OFFER A LETTER IN SUPPORT OF HIS IN-
EFFECTIVE ASSISTANCE CLAIM WHERE IN PETITIONER INSISTED ON COUN-
SEL RAISING ADDITIONAL ISSUES BEFORE THE SUPREME COURT.  HAD
COUNSEL AVAILED HIMSELF TO PETITIONER DURING THE APPEALATE
PROCEEDING AT THE APPEALATE COURT LEVEL PETITIONER WOULD HAVE
INSISTED ON THE SAME THEN.

THEREFORE, BUT FOR COUNSEL'S FAILURES, OMISSIONS AND
UNPROFESSIONAL ERRORS THE RESULT OF PETITIONER DIRECT APPEAL
WOULD HAVE BEEN DIFFERENT. SEE EXIBIT A AND B.

I M.L. MOORE HEREBY CERTIFY THAT THE FOREGOING IS TRUE ON THIS
DATE  23 FEBRUARY 2006   AND DECLARE UNDER THE PENALTY OF
PREJURY THE ABOVE IS TRUE AND CORRECT 28U.S.C.  1746

THIS AFFIDAVIT RELATES BACK TO THE ORIGINAL /july2005 PLEADINGS .

RESPECTFULLY SUBMITTED
UCC 1-207  UCC 103.6

M.L. MOORE

# PROOF OF SERVICE

I certify that on _DEC 21, 2007_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

UNITED STATES DISTRICT COURT
219 SOUTH DEARBORN STREET
CHICAGO, Illinois 60604

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _21 DEC 2007_ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_M L. Moore_
Signature

Dated: _DECEMBER 21, 2007_

7